Laurel N. DUNN, Appellant,

v.

NEWSPAPERS, INC., Appellees.

No. 4825.

Court of Civil Appeals of Texas.

Waco.

Sept. 18, 1969.

Rehearing Denied Oct. 30, 1969.

Laurel N. Dunn, Waco, pro se.

P. M. Johnston, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff, Honorable Laurel N. Dunn, from summary judgment that he take nothing in a suit for damages "in the nature of a libel action", against defendant Newspapers, Inc.

Plaintiff's petition alleged he was an Independent Candidate for Congress, 11th Congressional District in the November 5, 1968 General Election, had qualified as such and that his name was on the official ballot for said General Election; that defendant in its newspaper of November 3, 1968 purported to publish a full and complete "sample ballot" of the forthcoming election, but "willfully, by design and with malice aforethought against this plaintiff", deleted plaintiff's name from the published sample ballot; and further that defendant in such November 3, 1968 newspaper published a false, malicious and libelous statement about plaintiff viz., "Laurel N. Dunn

who once again is opposing Congressman W. R. Poage," and that in a prior election some years before *"Dunn received only one write in vote."* Plaintiff prayed for $500,-000. actual damages, $499,000. exemplary damages, and attorneys fees.

Defendant Newspapers, Inc. answered, and moved for Summary Judgment that plaintiff take nothing, contending plaintiff had not asserted a cause of action, and that defendant was entitled to judgment as a matter of law. Defendant attached affidavit of the Clerk of McLennan County which stated that in the 1964 election Laurel N. Dunn received only 1 write in vote for Congress in McLennan County.

Plaintiff replied to defendant's motion for Summary Judgment, and attached affidavits reflecting that 3 persons voted for him for Congress in McLennan County in the 1964 election, and that he received 20 votes in Bell County in such election.

The trial court granted defendant's motion for summary judgment, and decreed that plaintiff take nothing.

Plaintiff appeals on 8 points contending the trial court erred in rendering summary judgment that plaintiff take nothing; that material fact issues existed; and that plaintiff plead a good meritorious and sufficient tort action "involving fraud, deceit, misrepresentation and libel."

Defendant did two things which plaintiff contends were libelous. First, defendant in its November 3, 1968 paper published a sample ballot of the forthcoming November 5, 1968 election. Such sample ballot was only partial and did not include the Independent Column which contained plaintiff's name as a candidate for Congress.

■ Defendant was under no duty or obligation to print or publish all or part of the ballot, and the fact that same was printed in partial form, deleting the column in which plaintiff's name appeared cannot, as a matter of law, constitute a libel as to plaintiff. (In any event, defendant on

the same page that the partial ballot appears, printed a complete sample ballot which included plaintiff's name in the Independent Column, as a candidate for Congress.)

Plaintiff's second contention is that defendant published an article stating that in a prior election "Dunn received only one write-in vote", which statement was false and libelous. The complained of article in its entirety reads:

"Voters will note (speaking of the sample ballot) there are five columns. The one marked Independent has only one candidate, Laurel N. Dunn who once again is opposing Congressman W. R. Poage. Poage crushed him by about 20 to 1 two years ago and two years before that Dunn received only one write in vote."

The affidavit of the County Clerk of McLennan County, on file reflects plaintiff received one vote in McLennan County. Defendant's affidavits reflect that 3 persons voted for him in McLennan County, and that he received 20 votes in Bell County.

Article 5432 Vernon's Ann.Civ.St. provides: "The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis of any action for libel.

\* \* \* \* \* \*

"4. A reasonable and fair comment or criticism of the official acts of public officials and of other matters of public concern published for general information."
\* \* \*

■ A candidate for public office is within the purview of such article. Fitzjarrald v. Panhandle Pub. Co. Inc., 149 Tex. 87, 228 S.W.2d 499.

■ The article made the basis of plaintiff's second complaint, stated plaintiff "once again is opposing Congressman W. R. Poage". This was true. The article continued: "Poage crushed him by about

20 to 1 two years ago". This comment is not complained of. The article continued: "and two years before that Dunn received only one write in vote". We assume as we must that plaintiff in fact received some 23 write in votes.

Newspaper articles must be interpreted in the sense the ordinary reader would understand, and it is not necessary for the published account to be literally true in order to be privileged. The statutory requirement is satisfied if it be substantially true. See Walker v. Globe-News Publishing Co., Tex.Civ.App. (n. r. e.) 395 S.W.2d 686.

We think the complained of matter not libelous as a matter of law.

Plaintiff's points and contentions are overruled.

Affirmed.